GRESSMAN, ADMR., APPELLANT, *v.* MCCLAIN, ADMR.;
GREEN HILLS GOLF COURSE & INN, INC., APPELLEE.

[Cite as Gressman *v.* McClain (1988), 40 Ohio St. 3d 359.]

(No. 87-2053—Submitted November 2, 1988—Decided December 30, 1988.)

*Murray & Murray Co., L.P.A.,* and *James T. Murray,* for appellant.

*Flynn, Py & Kruse Co., L.P.A.,* and *John A. Coppeler,* for appellee.

MOYER, C.J. Appellant's propositions of law present three questions for our consideration. The first is whether a permit holder whose employee sells alcoholic beverages to an intoxicated

patron in violation of R.C. 4301.22(B) owes a duty to third persons for injuries caused by the intoxicated patron. The second question is whether R.C. 4301.22(B) requires that the permit holder have actual knowledge of a patron's intoxication at the time of the sale. Finally, we are asked whether a common-law duty of care to third parties requires the permit holder to have actual knowledge of the patron's intoxication at the time of the sale.

R.C. 4301.22 provides in relevant part that:

"Sales of beer and intoxicating liquor under all classes of permits and from state liquor stores are subject to the following restrictions, in addition to those imposed by the rules or orders of the department of liquor control:

"* * *

"(B) No sales shall be made to an intoxicated person."

The trial court, in directing a verdict for defendant-appellee, and the court of appeals, in affirming the trial court, relied on this court's decision in *Settlemyer, supra,* in deciding that a permit holder who sells alcoholic beverages to an intoxicated person in violation of R.C. 4301.22(B) does not owe a duty to third persons, off the permit premises, for injuries caused by the intoxicated patron.

The complaint in *Settlemyer* did not allege a sale. The court deemed Wilmington Veterans Post No. 49, American Legion, Inc. to be a social host and held that since the patron, apparently an adult, who caused an automobile accident that took the life of a third person off the premises of the Veterans Post had been served alcoholic beverages by a social host, the Veterans Post was not liable to the third person. The court, in expressing its reluctance to extend potential liability to the social provider of alcoholic beverages, observed that the social host had not violated R.C. 4301.22(B) or (C). *Settlemyer, supra,* at 126, 11 OBR at 424, 464 N.E. 2d at 524.

The importance that there be a statutory violation was amplified by our recent decision in *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798, in which we held that a social host who provided alcoholic beverages to a seventeen-year-old minor in violation of R.C. 4301.69 could be held liable to third parties injured as a result of the minor's negligence. The critical difference between *Settlemyer* and *Mitseff* is the absence of the violation of a statutory duty in *Settlemyer* and the presence of such a violation in *Mitseff.*

We are aware that the holding in *Settlemyer* has created the assumption by some that declaring a permit holder to be a noncommercial provider or a social host eliminates the permit holder's liability for injuries caused to third persons by intoxicated persons where the injuries occurred off the permit holder's premises. See *McDaniel* v. *Brandywine Mills, Inc.* (May 8, 1985), Summit App. No. 11913, unreported; *Babcock* v. *Joseph* (Jan. 31, 1986), Lucas App. No. L-85-607, unreported. It is appropriate at this time to confine *Settlemyer* to its facts.

The evils which brought about the Prohibition Era in this country were sought to be minimized upon the return of legal traffic in alcoholic beverages. The General Assembly, in its desire to control such traffic, engrafted the conditions in R.C. 4301.22 upon the privilege to engage in the sale of alcoholic beverages. These conditions establish standards of conduct for permit holders. One of those standards of conduct is that no person shall sell beer or intoxicating liquor to an intoxicated person. *State* v. *Morello* (1959), 169 Ohio St. 213, 215-216, 8

O.O. 2d 192, 193, 158 N.E. 2d 525, 527. R.C. 4301.22(B) unequivocally declares that no sales of alcohol shall be made to an intoxicated person. See *Taggart* v. *Bitzenhofer* (1972), 35 Ohio App. 2d 23, 28, 64 O.O. 2d 157, 160, 299 N.E. 2d 901, 904, affirmed (1973), 33 Ohio St. 2d 35, 62 O.O. 2d 372, 294 N.E. 2d 226, citing *Morello, supra.*

It is well-settled that where a legislative enactment imposes a specific duty for the protection of others, a person's failure to observe that duty constitutes negligence *per se. Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53, 56, 41 O.O. 2d 274, 275, 231 N.E. 2d 870, 872. We recognized that principle in *Mitseff* and we apply it here. There is no legal distinction between the violation of a duty not to furnish intoxicating beverages to a minor and the violation of a duty not to furnish intoxicating beverages to an intoxicated person. See *Morello, supra,* at 216, 8 O.O. 2d at 193, 158 N.E. 2d at 527-528. The common goal in each instance is to protect the consumer of the beverage from his or her own conduct and to protect the public from such conduct. See *Pond* v. *Carey Corp.* (1986), 34 Ohio App. 3d 109, 112-113, 517 N.E. 2d 928, 932-933; Cahn, New Common Law Dramshop Rule (1960), 9 Cleve.-Mar. L. Rev. 302, 302-305.

When a permit holder or his employee sells alcoholic beverages to a person who is intoxicated, an unreasonable risk of harm to the intoxicated person and to others is created. It is a matter of common knowledge that an intoxicated person lacks control of his or her mental and physical faculties during the period of intoxication and that a person who becomes intoxicated at a place where alcoholic beverages are sold by a permit holder is likely to leave the permit holder's premises in an automobile. As the facts in this case so tragically and graphical-ly demonstrate, an automobile driven by an intoxicated person is a lethal weapon and a hazard to the safety of others. The driving of an automobile while intoxicated is, of course, only one means by which an intoxicated person can injure or kill other people.

In 1986, after this cause of action arose, the General Assembly clearly set forth the preexisting public policy on this issue in R.C. 4399.18. The statute provides in pertinent part as follows:

"* * * A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control * * *."

For causes of action arising before the effective date of R.C. 4399.18, July 21, 1986, we hold that the holder of a liquor permit under R.C. Chapter 4303 may be liable to third persons for injuries or death occurring off the premises of the permit holder where said injuries or death are caused by a person to whom a sale of intoxicating beverage has been made by the permit holder or his employee in violation of R.C. 4301.22(B).

Applying our holding to the facts of this case, Green Hills may be liable to appellant if it can be shown that Pasch was sold alcoholic beverages when intoxicated and that while so intoxicated she caused the damages claimed.

We next consider the standard of conduct required of permit holders and their employees under R.C. 4301.22 (B). Appellant argues that a permit holder should be liable if he knew or should have known that a patron was intoxicated when intoxicating beverages were sold to him. Appellee argues that the test should be whether the

permit holder or his employee actually knew the patron was intoxicated when intoxicating beverages were sold to the patron. Specifically, the question is whether a violation of R.C. 4301.22(B) requires that the permit holder or his employee have actual knowledge of a patron's intoxication at the time of the sale.

One of the purposes of R.C. 4301.22(B) is to place a duty on a person selling alcoholic beverages to observe and know when a patron is intoxicated. See *Kemock* v. *The Mark II* (1978), 62 Ohio App. 2d 103, 16 O.O. 3d 254, 404 N.E. 2d 766. It is reasonable to conclude that by virtue of its experience, the commercial proprietor is more familiar with its customers and their habits and capacities so as to know when they are intoxicated. *Settlemyer, supra,* at 127, 11 OBR at 425, 464 N.E. 2d at 524. Knowledge of a patron's intoxication may be obtained from many sources and in many ways, and is furnished or obtained by a variety of facts and circumstances. Generally speaking, a person has knowledge of an existing condition when his relation to it, his association with it, his control over it, or his direction of it are such as to give him actual personal information concerning it. *Howard* v. *Whittaker* (1933), 250 Ky. 836, 848-849, 64 S.W. 2d 173, 178.

This court has held that actual knowledge of intoxication is a necessary component in fashioning a justiciable claim for relief under R.C. 4301.22(B). *Settlemyer, supra,* at 126, 11 OBR at 424, 464 N.E. 2d at 523; *Flandermeyer* v. *Cooper* (1912), 85 Ohio St. 327, 98 N.E. 102; *Mason* v. *Roberts, supra,* at 33, 62 O.O. 2d at 348, 294 N.E. 2d at 887. Constructive knowledge will not suffice. *Settlemyer, supra,* at 126, 11 OBR at 423-424, 464 N.E. 2d at 523. It has been observed that to hold otherwise would subject

vendors of intoxicating beverages to ruinous liability every time they serve an alcoholic beverage. See Note, Common Law Liability of the Liquor Vendor (1966), 18 [Case] W. Res. L. Rev. 251.

That view was codified in 1986 when the General Assembly enacted R.C. 4399.18 to provide that a permit holder or his employee may be liable for civil damages if, *inter alia,* it can be shown by a preponderance of the evidence that:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to * * *:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code[.]"

That codification of a standard of conduct to be applied in determining liability of a permit holder or his employee, while not controlling in this case, persuades us that we should not accept appellant's invitation to announce a different standard here. It is assumed that the General Assembly considered all the arguments made by appellant herein, some of them persuasive, when it considered and adopted R.C. 4399.18. We are not persuaded that we should adopt a standard that would be in conflict with previous holdings of this court, particularly in view of the recent, clear statement of public policy by the General Assembly on this point. Therefore, we hold that to recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought.

Appellant, alternatively, urges us to modify the common-law rule that requires actual knowledge by a permit holder or his employee to be held liable

for the sale of intoxicating beverages to an intoxicated person. We need not consider that argument since we have interpreted R.C. 4301.22(B) to be the basis for recovery.

Finally, we apply the foregoing law to the judgment of the court of appeals which affirmed the directed verdict of the trial court. Civ. R. 50(A)(4) defines the standard to be used by a trial court when a motion for directed verdict has been properly made:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

The trial court and the court of appeals both relied upon *Settlemyer* as a basis for deciding that Green Hills owed no duty to third persons who were injured by one of its patrons off the permit premises. Since we have confined *Settlemyer* to its facts and announced a rule of law that is not consistent with the appellate court opinion and the trial court's judgment, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., separately concur.

SWEENEY, J., concurring. While I agree with the majority's reversal of the directed verdict and discussion related thereto, I do not believe it is necessary to limit our decision in *Settlemyer* v. *Wilmington Veterans Post No. 49* (1984), 11 Ohio St. 3d 123, 11 OBR 421, 464 N.E. 2d 521, to its own factual context.

The key element of the *Settlemyer* holding was that this court refused to impose a duty upon *social* providers of alcohol (*i.e.,* where no sale is alleged or indicated) to third persons who were injured by the recipient of alcoholic beverages. Cf. *Mitseff* v. *Wheeler* (1988), 38 Ohio St. 3d 112, 526 N.E. 2d 798. The instant holding is a logical and consistent interpretation of the extent of that precedent. The fact that some lower courts have misinterpreted the extent of the *Settlemyer* holding should not compel what may appear to be a retreat from or limitation of its true import. In my view, *Settlemyer, supra,* has provided this court with the proper framework for determining cases within this difficult area of law. Therefore, while I concur in the syllabus, judgment and most of the discussion set forth in the majority opinion, I believe that *Settlemyer* should be used as a basis for our decision and not narrowed to its own particular facts.

DOUGLAS, J., concurring. I concur in paragraph one of the syllabus and the judgment of the majority.

A directed verdict was not proper in this case. I would go further, however, and use this case as a vehicle to decide the basic issue (being now directly confronted by so many other states) of negligence of one serving alcohol to an intoxicated person with the intoxicated person then causing damage and injury to an innocent third party. I would apply the standards, whether the provider be a commercial operation or a social host, as set forth

in my dissent and the dissent of Justice Brown in *Great Central Ins. Co.* v. *Tobias* (1988), 37 Ohio St. 3d 127, 131-134, 524 N.E. 2d 168, 172-175. In addition, I would adopt the traditional standard of negligence with regard to knowledge and make the test "knew or should have known" rather than the more restrictive test of "knowingly."

Finally, I am pleased to see the majority at least limit the effect of *Settlemyer* v. *Wilmington Veterans Post No. 49* (1984), 11 Ohio St. 3d 123, 11 OBR 421, 464 N.E. 2d 521, to the facts of that case.