## Cox v. Powell
## Case No. CA-2705
## Richland County (5th)
## Decided January 16, 1990
[Cite as 1 AOA 194]

For Plaintiffs-Appellants; Vincent De Pascale, 4937 West Broad Street, Columbus, Ohio 43228,

For Defendant-Appellee; Mark S. Maddox, Gwenn S. Karr; 400 South Fifth Street; Columbus, Ohio 43215.

HOFFMAN, J.

We commence our opinion in this case by briefly reciting the facts.

On December 20, 1984, at approximately 12:25 a.m., a motor vehicle collision occurred on State Route 309 in Richland County, Ohio. An automobile driven by Dale Powell crossed the center line of the highway and struck an automobile driven by appellee Gardner. Susan M. Cox was a passenger in the car driven by Mrs. Gardner. On December 22, 1984, Susan M. Cox died as a result of injuries sustained in the collision.

At approximately 1:00 a.m. on December 20, 1984, Powell, a defendant in the case *sub judice* was given a breathalyzer test which indicated a BAC of .139 (Powell deposition at 72). Powell had been a customer at Burley's from approximately 6:30 to 9:30 p.m. on December 19. Burley's was an area tavern and is a defendant-appellee herein. For purposes of clarity, we point out that the sole appellee herein is Burley's and that Powell is not a party in the instant appeal.

Susan M. Cox, et al., plaintiffs-appellants

Powell and Burley's in the Court of Common Pleas of Richland County. A complaint against Burley's specifically alleged that Powell became intoxicated while a patron of Burley's, that agents or employees of Burley's knew or had reason to know that Dale Powell would consume the alcohol furnished to him and thereafter operate a motor vehicle upon the public highways, and that Burley's had a legal duty to refuse service of alcohol to Powell prior to such time as he became unfit to drive.

Subsequently, Burley's moved for summary judgment in its behalf and plaintiffs-appellants (appellants) filed a memorandum opposing summary judgment. After considering the evidentiary materials presented to it by the opposing parties, the court granted summary judgment in favor of appellees and dismissed appellants' action with prejudice. (Judgment entry filed July 3, 1989, a copy of which is attached to our memorandum-opinion and made a part hereof.)

Appellants raise the following two assignments of error:

I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S THIRD MOTION FOR SUMMARY JUDGMENT WHERE DEFENDANT FAILED TO ESTABLISH THE REQUIRED THREE PART TEST OF CIV. R. 56(C) AND THE COURT RESOLVED A GENUINE ISSUE OF MATERIAL FACT IN FAVOR OF THE MOVING PARTY.

II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THE MOVING PARTY WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW DUE TO THE EXISTENCE BEFORE SUCH COURT OF CONFLICTING EVIDENCE· ON THE MATERIAL ISSUE OF KNOWLEDGE.

Before discussing the instant assigned errors, we note that appellant has complied with this court's Local Rule 4(D) by setting forth the following:

Summary judgment is appealed from in this matter as a genuine dispute exists as to material facts in this case. The specific material fact issues genuinely disputed at the trial level are: whether Dale Powell was recognizably intoxicated by lay persons without benefit of clinical or scientific training when served at appellee Burley's establishment; and, whether employees of appellee Burley's had actual knowledge of Mr. Powell's intoxicated state. (Appellants' brief at IV.)

I & II

Both assignments of error raise the same question, viz, that summary judgment was inappropriate when there existed a disputed material fact. Consequently they (errors assigned) will be discussed together.

The controlling authority in the case sub judice is the Ohio Supreme Court's December 30, 1988 decision of Gressman v. McClain (1988), 40 Ohio St. 3d 359. At syllabus 2, the court set forth the standard squarely applicable to the case sub judice:

2. To recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought.

At page 366 of Gressman, the Supreme Court emphasized in no uncertain term that its "knowingly" requirement was one of "actual knowledge" and nothing less (i.e., constructive knowledge).

As clearly pointed out by the trial court in its entry sustaining summary judgment herein:

...Reasonable minds can come but to one conclusion which is that defendant Burley's did not have actual knowledge of the alleged intoxication of Dale Powell.

After reviewing the record herein, we concur that based upon the sworn evidentiary materials presented to the court below, any actual knowledge of Powell being intoxicated at Burley's was not established. For example, the only employee who served Powell on the night in question, Nora Uzunoff, averred that Powell was not intoxicated and showed no "symptoms" of that condition. As stated by appellee, "the deposition and affidavit evidence set forth above is uncontroverted." (Appellee's brief at 6.)

In addition to the deposition/affidavit testimony of Uzunoff and Burley Sizemore (tavern owner), the court also was presented with a deposition of Leonard K. Porter, chief toxicologist of the Alcohol Testing and

Approval/Permit Program of Ohio. It was Porter's testimony that when Powell left Burley's at 9:30 p.m., his breath/alcohol content would have been .061 (deposition at 51, 1. 22).

Summary judgment was entirely appropriate in the case *sub judice*, and appellants' two assignments of error are overruled.

The judgment of the Court of Common Pleas of Richland County is affirmed.

MILLIGAN, P.J. and GWIN, J., Concur.