NEWKIRK et al., Appellants,

v.

SCHULTZ et al., Appellees.

[Cite as *Newkirk v. Schultz* (1990), 66 Ohio App.3d 267.]

Court of Appeals of Ohio,
Ashtabula County.

No. 89-A-1431.

Decided March 21, 1990.

*Stephen M. Bales,* for appellants.

*Charles M. Diamond,* for appellees.

JOSEPH DONOFRIO, Judge.

Plaintiffs-appellants, Lester S. Newkirk, his wife, Michelle A. Newkirk, and their minor daughter, Nicole L. Newkirk, filed a complaint alleging the following facts:

On or about March 8, 1980, Lester S. Newkirk was operating a motor vehicle occupied by his wife and his minor daughter. At approximately 1:15 a.m. on that date, defendant-appellee, Raymond M. Schultz, collided with the appellants, causing severe and multiple injuries to each member of the Newkirk family. Prior to the collision between appellee Schultz and the appellants, defendants-appellees, Geneva Swallows Company and Cove Night Club, negligently, willfully, wantonly and recklessly served alcoholic beverages to appellee Schultz and permitted him to leave the premises in an intoxicated condition, and this was the proximate cause of appellants' injuries.

On November 7, 1986, appellee Cove Night Club filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The trial court placed the case on pending inactive status subject to a final appellate ruling in *Wilson v. Sar–Ree, Inc.* (Dec. 4, 1987), Ashtabula App. No. 1309, unreported, 1987 WL 26718.

The trial court allowed appellee Geneva Swallows Company to join in the motion to dismiss and, on January 25, 1989, granted appellees' motion and dismissed the complaint.

The appellants timely filed a notice of appeal setting forth the following assignment of error:

"The trial court erred to the prejudice of the plaintiffs in dismissing their complaint against the defendants Geneva Swallows Company and Cove Night Club, for failure to state a claim upon which relief can be granted."

In their sole assignment of error, the appellants argue that the trial court erred in dismissing the complaint against the appellees. We find appellants' assignment of error has merit.

Based upon the law pronounced by this appellate court in *Wilson v. Sar- Ree, supra,* and *Fedyski v. Stone* (Dec. 31, 1987), Trumbull App. No. 3855, unreported, 1987 WL 32738, the trial court found that the applicable statute, R.C. 4399.18, effective July 21, 1986, which would allow recovery, was substantive in nature and thus could only be applied prospectively. There- fore, the court concluded that the appellants had no statutory cause of action against the appellees. The trial court also relied on *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, and *Settlemyer v. Wilming- ton Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521.

However, on January 25, 1989, the very same day the trial court dismissed the complaint against the appellees for failure to state a claim upon which relief can be granted, the Ohio Supreme Court issued its opinion in *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732.[1]

In *Gressman,* the Supreme Court held that for causes of action arising before the effective date of R.C. 4399.18, a permit holder could be liable to third persons by a sale of intoxicating beverage in violation of R.C. 4301.22(B). In paragraphs one and two of the syllabus, the court held:

"1. For causes of action arising before the effective date of R.C. 4399.18, July 21, 1986, the holder of a liquor permit under R.C. Chapter 4303 may be liable to third persons for injuries or death occurring off the premises of the permit holder where said injuries or death are caused by a person to whom a sale of intoxicating beverage has been made by the permit holder or his employee in violation of R.C. 4301.22(B).

"2. To recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought." See, also,

---

1. *Gressman* was decided December 30, 1988, but was not released until January 25, 1989. Therefore, the trial court was not aware of *Gressman* at the time of its simultaneous ruling.

*Bryant v. Messenger* (June 30, 1989), Lake App. No. 89–L–14–012, unreported, 1989 WL 73016.

Under *Gressman,* the appellees may be liable for the appellants' injuries sustained off premises if the appellants can sustain their burden of proof, *i.e.,* that appellees or their agents knowingly sold an intoxicating beverage to a noticeably intoxicated Schultz whose intoxication was the proximate cause of the appellants' injuries.

For the foregoing reasons, this cause is reversed and remanded for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CHRISTLEY and FORD, JJ., concur.

JOSEPH DONOFRIO, J., of the Seventh Appellate District, sitting by assignment.