## Harris v. Pallone Management, Inc.
*[Cite as 8 AOA 522]*

*Case No. 90AP-240*
*Franklin County, (10th)*
*Decided November 6, 1990*

*James D. Colner and Scott E. Wright, Matan & Smith, for Plaintiff-Appellant.*

*David L. Day and Terence L. Gallagher, David L. Day, L.P.A., for Defendants-Appellees.*

BROWN, J.

Plaintiff William L. Harris appeals a summary judgment rendered by the Franklin County Court of Common Pleas in favor of defendants dismissing plaintiffs' claims for various violations of R.C. 4399.18, Ohio's Off-

Premises Liability Act. The common pleas court granted summary judgment as to all claims for the reason that plaintiffs failed to adduce sufficient evidence demonstrating that defendants "knowingly" violated the act.

Plaintiff William L. Harris, age seventeen at the time, graduated from high school on January 27, 1988. In the early evening of that date, William went to the home of an acquaintance, Steven Smith, where William consumed approximately twelve beers. Subsequently, William acquired the driver's license of a twenty-three year old acquaintance who worked at the grocery store where William was also employed. Steven, who accompanied William, purchased at the store an additional six-pack which the boys later consumed while visiting William's girlfriend.

Subsequently, William and Steven went to an establishment known as East Dallas Danceteria, owned and operated by defendants, Pallone Management, Inc., and Willies Joint Venture. The two gained admittance to the nightclub around 11:00 pm. after waiting in a rather short line. William used the driver's license of his twenty-three year old acquaintance to gain admission to the nightclub and received a stamp indicating that he was over the age of twenty-one and could be served liquor. Over the next hour and a half, William consumed an additional four drinks, at least one of which William purchased himself.

Upon leaving the nightclub in William's automobile, William and Steven were involved in a single car accident at approximately 12:45 a.m. on January 28, 1988. As a result of the accident, William sustained several injuries and damaged the automobile owned by his father, plaintiff James Harris. As a result of William's physical injuries, plaintiffs James and Virginia Harris allegedly incurred substantial medical and hospital expenses on behalf of their minor son, William.

Plaintiffs then instituted the instant cause on July 1, 1988 in the Franklin County Court of Common Pleas alleging in various counts that William's injuries were incurred as a result of negligence on the part of defendants in serving alcohol to William who was intoxicated and a minor at the time. Plaintiffs also alleged various violations of R.C. 4399.18. More particularly, plaintiffs alleged that defendants violated R.C. 4399.18 by serving William alcohol in violation of R.C. 4301.22(A) and R.C. 4301.22(B), which prohibit the sale of alcohol to anyone who is either a minor or intoxicated.

Defendants moved the trial court for summary judgment on November 8, 1989, contending that the deposition evidence of record failed to create a genuine issue of fact as to defendants' knowledge of William's status as a minor or their knowledge that William was intoxicated. Following plaintiffs' response on November 22, 1989, the trial court granted summary judgment in favor of defendants on January 30, 1990. Plaintiff William L. Harris now appeals and sets forth the following single assignment of error:

"The trial court erred in granting the Motion for Summary Judgment of Defendant-Appellee, Pallone Management, Inc. as genuine issues of material fact existed regarding whether Defendant-Appellee 'knowingly' served intoxicating beverages to an underage intoxicated person."

The essence of plaintiff's contention on appeal is that the evidence in the record fails to establish that reasonable minds could only conclude that defendants' lacked the requisite knowledge of William's status as either a minor or as an intoxicated person so as to preclude liability under R.C. 4399.18. It is plaintiff's position that reasonable minds could differ upon the evidence adduced in support of defendants' motion for summary judgment as to whether defendants knowingly served William alcohol despite his intoxication and minority.

Generally, summary judgment is appropriate where, after construing the evidence most strongly in favor of the party opposing the motion, reasonable minds could only conclude that the movant is entitled to judgment. Civ. R. 56(D). The moving party bears the burden of producing evidence in support of the motion regardless of which party bears the burden of proof at trial. *Whiteleather v. Yosowitz* (1983), 10 Ohio App. 3d 272; Cf., *Rayburn v. J. C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 464. The moving party can satisfy this burden by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, along with any affidavits that may be filed, which are contained in the record in support of the motion. *Mitseff v. Wheeler* (1988), 38 Ohio St. 3d 112, 114-115. Once the

movant has so supported the motion, however, the opposing party may not rest on the pleadings but must come forward with evidence of specific facts which controvert the movant's evidence. Civ. R. 56(E); Cf., *Savransky v. Cleveland* (1983), 4 Ohio St. 3d 118.

R.C. 4399.18 provides in pertinent part:

"*** A person has a cause of action against a permit holder or his employee for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:

"(A) The permit holder or his employee knowingly sold an intoxicating beverage to at least one of the following:

"(1) A noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code;

"***

"(3) A person in violation of section 4301.69 of the Revised Code;"

The Supreme Court of Ohio has construed the term "knowingly" to mean general knowledge of an existing condition which is imputed from a personal relationship to the condition where "*** his association with it, his control over it, or his direction of it are such as to give him actual personal information concerning it. ***" (Citation omitted.) *Gressman v. McClain* (1988), 40 Ohio St. 3d 359, 363. Although *Gressman* was a pre-R.C. 4399.18 off-premises liability case, the Supreme Court applied to the facts of that case the "knowingly" standard utilized in R.C. 4399.18. *Id.*

Accordingly, to satisfy their burden under Civ. R. 56, defendants were required to establish from the evidence in the record that no question of fact existed with respect to their knowledge of William's inebriated condition or of his status as a minor. In support of the former, defendants pointed to William's deposition testimony in which William stated that he did not verbally acknowledge to any of defendants' employees that he was intoxicated, that he did not inform the person regulating admission to the nightclub that he was intoxicated, and that he did not inform the person from whom he purchased the drink that he was intoxicated. Defendants also pointed to William's statements that he could not remember what his behavior was on the night in question, whether he was openly obnoxious or offensive, or whether he was staggering and falling while on the premises of defendants. Regarding their knowledge of William's age, defendants contend that William's statements regarding his failure to advise any of defendants' employees of his age is fatal to his R.C. 4399.18(A) (3) claim.

Upon review of the evidence adduced in support of and in contravention to defendants' Civ. R. 56 motion, reasonable minds could differ as to defendants' knowledge of William's minority or intoxication. Regarding the issue of defendants' knowledge of Williams's age, the evidence indicates that defendants attempted to restrict access by minors through an identification check at the door to the establishment. The evidence further supports an inference that defendants were aware that underaged patrons presented a problem, which required an identification check. The deposition testimony of one of defendants' employees responsible for checking identification demonstrates familiarity with the use of borrowed identification by minors to gain admission to defendants' establishment. Finally, the same employee stated that he would not have admitted William to the bar with the identification William presented. These factors, when analyzed under *Gressman, supra,* would allow reasonable minds to differ as to defendants' knowledge of William's age.

Likewise, a genuine issue of fact remains as to defendants' knowledge of William's inebriated state. Construing the evidence most favorably to plaintiffs, the record indicates that William consumed approximately fifteen beers before entering defendants' establishment and that he consumed an additional four alcoholic beverages while in the bar. Defendants' employees checked William's identification before entering the bar and had at least one opportunity to observe William while he was purchasing a drink. In light of this evidence, a reasonable inference can be drawn under the holding of *Gressman, supra,* that defendants knew William was intoxicated. As noted above, knowledge can be gained in a variety of methods, and William's failure to inform defendants of either his age or inebriated state does not satisfy *defendants' burden*

under *Civ. R. 56* to affirmatively demonstrate that no genuine issue· of fact remains as to their knowledge of either condition. Rather, on the record before this court, reasonable minds could differ as to whether defendants possessed the requisite knowledge of William's minority or intoxication.

The trial court also concluded, as a matter of law, that William's consumption of fifteen beers prior to entering defendants' establishment was the sole and proximate cause of any resulting injury occasioned by his intoxication. However, there is evidence in the record indicating that defendants served William four alcoholic beverages prior to the accident. Clearly, in light of this evidence, whether William's conduct was the sole proximate cause of his injuries or whether defendants' conduct in serving William contributed to the accident is a question for the jury and not susceptible of resolution by way of Civ. R. 56. *Collier v. Northland Swim Club* (1987), 35 Ohio App. 3d 35, 39.

For all of the foregoing reasons, plaintiff's sole assignment of error is sustained and the summary judgment of the common pleas court is reversed. This matter is remanded to the common pleas court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

BOWMAN and YOUNG, J.J., concur.

BROWN, J., of the Wayne County Common Pleas Court, sitting by assignment in the Tenth Appellate District.