I concur with the majority, but respectfully dissent from the conclusion regarding Babka's liability; for the following reasons, I would affirm the court's decision to grant summary judgment to Babka's, Inc.
In Gressman v. McClain (1988), 40 Ohio St.3d 359, the court stated in paragraph two of its syllabus:
 To recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought.
The court additionally stated that a plaintiff must show actual knowledge of intoxication and that constructive knowledge is insufficient. Id. at 363.
The majority relies on Dr. Forney's affidavit, in which he averred that at 6:30 p.m., Sullivan's blood alcohol would have been .10; however, Dr. Forney's affidavit does not establish that Sullivan would have appeared to be noticeably intoxicated.
In this case, Steve Beck, the bartender at Babka's, testified in his deposition that Sullivan had been at Babka's for approximately one hour, that at the most, he served Sullivan two drinks, and that based on approximately eight years of experience gained while bartending at Babka's, Sullivan did not display any visible signs of intoxication which would have caused him to stop serving Sullivan. In addition, other witnesses, including Palik, testified in their depositions that Sullivan did not appear to be intoxicated.
Therefore, because the plaintiff in this case failed to prove that Babka's or its employee knowingly sold intoxicating beverages to a noticeably intoxicated person as required by Gressman, I conclude that the trial court properly granted summary judgment in Babka's favor.
Accordingly, I dissent from this portion of the majority opinion.