JOURNAL ENTRY AND OPINION
Appellants, Robin Powell-Brown and Tiasha Brown, appeal from the judgment of the Cuyahoga County Court of Common Pleas, which denied their motion for judgment notwithstanding the verdict.
On October 12, 1999, appellants filed a personal injury complaint against appellee, Bernice Swanson. In their complaint, appellants alleged that Swanson negligently operated her motor vehicle on Emery Road in North Randall and struck the 1993 Plymouth Sundance driven by Robin Powell-Brown and occupied by her daughter, Tiasha Brown. They further alleged that Swanson's negligence was the proximate cause of injuries they sustained during the automobile accident. On November 12, 1999, Swanson answered and filed a counterclaim alleging that Robin Powell-Brown was negligent.
A jury trial commenced on July 25, 2000. After the presentation of evidence, the jury received instructions and six interrogatories as well as a general verdict form. At the conclusion of the jury's deliberation, the trial court announced the jury's answers to the interrogatories.
 THE COURT: * * * [A]s to interrogatory number one, the question is, `Was the defendant, Bernice Swanson, negligent?' The jurors have checked no, and it is signed by seven of the jurors. Is that correct?
FORE PERSON: Yes.
 THE COURT: Now, the instruction at the bottom is that if your answer is no, enter a general verdict in favor of the defendant and against the plaintiffs. Okay?
FORE PERSON: Yes.
 THE COURT: All right. But the jurors went on to answer the second interrogatory, `Was the defendant's negligence the proximate cause of injury to plaintiff Robin and Tiasha Brown?' And you answered no, and it is signed by seven of the jurors. Is that correct?
FORE PERSON: Yes.
 THE COURT: Again, the instruction following that is, `If your answer is no, enter a general verdict for the defendant and against the plaintiffs. Now following that answer, you also answered, `Was Robin Powell-Brown negligent?' No, signed by eight of the jurors. Is that correct?
FORE PERSON: Yes.
The trial court then asked the jury fore person if it was the jury's intent to not assign negligence to either party. The fore person responded that the jury agreed that an accident happened, but it was not clear whose fault it was. The trial court then asked the attorneys for each side to approach the side bar and discussed the situation off the record. After the side bar, the trial court dismissed the jury. The appellants requested that the trial court declare a mistrial, and the trial court stated that it would take the matter under advisement. On August 2, 2000, the trial court entered judgment on the jury's general verdict in favor of Swanson.
On August 15, 2000, appellants filed a motion for judgment notwithstanding the verdict or, in the alternative, a motion for a new trial. In their motion, appellants argued that the verdict was not supported by substantial competent, credible evidence because the evidence demonstrated that Swanson was negligent for failing to keep an assured clear distance. Appellants also argued that the verdict should be overturned because the jury failed to assign negligence with respect to Tiasha Brown's claim. On September 11, 2000, the trial court denied appellants' motion. From that judgment, appellants assign the following errors:
 I. THE JURY'S GENERAL VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE BECAUSE THE JURY EXPRESSLY FOUND IN ANSWERS TO INTERROGATORIES THAT BOTH PLAINTIFF AND DEFENDANT WERE NOT NEGLIGENT.
 II. THE VERDICT ORDER OF THE TRIAL COURT WAS WRONG BECAUSE THE TRIAL COURT DENIED PLAINTIFF'S MOTION FOR JUDGMENT NOT-WITH-STANDING THE VERDICT OR A NEW TRIAL.
In appellants' first assignment of error, they contend that the verdict is against the manifest weight of the evidence because the evidence presented at trial demonstrated that appellee violated R.C. 4511.21(A), the assured clear distance statute. R.C. 4511.21(A) provides:
 No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.
A violation of the assured clear distance statute constitutes negligence per se. Gressman v. McClain (1988), 40 Ohio St.3d 359.
 Violation of the statute and a finding of negligence per se depends on whether there is evidence that the driver collided with an object which (1) was ahead of him in his path of travel, (2) was stationary or moving in the same direction as the driver, (3) did not suddenly appear in the driver's path, and (4) was reasonably discernible. Id.
Appellants assert that the testimony at trial established each of the elements of an assured clear distance violation because Powell-Brown testified that appellee hit her car from behind while she was in the turn lane waiting to turn.
Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, at syllabus. The trial court is in the best position to weigh the credibility of the proffered testimony, thus an appellate court is guided by the presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80,461 N.E.2d 1273.
In the instant case, Swanson testified that Powell-Brown's vehicle cut in front of her. The jury chose to believe this testimony and found that Swanson was not negligent. We cannot conclude that the verdict is against the manifest weight of the evidence because competent, credible evidence exists to support the jury's verdict. Appellants' first assignment of error is overruled.
In appellants' second assignment of error, they allege that the trial court erred by failing to grant their motion for judgment notwithstanding the verdict. Appellants contend that they are entitled to a new trial because the jury did not assign negligence to either party.
Although the jury found that neither Powell-Brown nor Swanson was negligent, these findings are not inconsistent with the jury's general verdict in favor of Swanson. The jury's finding that Swanson was not negligent supports the defense verdict. Civ.R. 49(B) provides in part: When the general verdict and the answers [to interrogatories] are consistent, the appropriate judgment upon the verdict and answers shall be entered pursuant to Rule 58. Because the general verdict and answers to interrogatories are consistent with one another, the trial court did not err by refusing to grant appellants' motion for judgment notwithstanding the verdict. Appellants' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J., AND JAMES J. SWEENEY, J., CONCUR.