[Cite as *Lanham v. Fox*, 2014-Ohio-1092.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| JIM LANHAM, ADMINISTRATOR, | : | JUDGES: |
| ESTATE OF KIM HUNTER | : | Hon. W. Scott Gwin, P.J. |
| TUNNICLIFF | : | Hon. John W. Wise, J. |
|  | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| Plaintiff-Appellant | : |  |
|  | : | Case No. 13CA94 |
| -vs- | : |  |
|  | : |  |
| STEPHEN J. FOX, ET AL | : | O P I N I O N |
|  |  |  |
| Defendant-Appellee |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Richland County Court
                            of Common Pleas, Case No. 2012CV0044

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     March 19, 2014

APPEARANCES:

For Plaintiff-Appellant             For Defendant-Appellee Apple American
                                    Group, LLC

DALE PERDUE                         BEAU HOLLOWELL
GLEN PRITCHARD                      ANDREW WARGO
471 E. Broad Street, Ste. 1550      127 Public Square, Suite 3510
Columbus, OH 43215                  Cleveland, OH 44114-2191

*Gwin, P.J.*

{¶1} Appellant appeals the August 20, 2013 judgment entry of the Richland County Court of Common Pleas granting appellee's motion for summary judgment.

*Facts & Procedural History*

{¶2} On June 15, 2011, Stephen Fox ("Fox") went to Outback Steakhouse ("Outback") where he had dinner and consumed the four following alcoholic drinks: a martini, two "friendly pour" margaritas, and one mixed drink with Coke. After Fox assisted the employees at Outback in closing the restaurant, he went to Applebee's restaurant with his friend Sara Cobb ("Cobb") at approximately 11:15 p.m. The individuals who saw Fox at Outback on the night of June 15, 2011, including trained servers, stated Fox did not appear to be intoxicated. Heidi Henderson ("Henderson"), a bartender at Outback who interacted with Fox that night, stated she saw no signs of impairment in Fox when she talked with him while cleaning up the restaurant. Henderson said Fox's eyes were clear and he had no trouble helping her put the chairs up on the tables at the restaurant while they were cleaning up. Tesla Baich, a server at Outback, stated she had previously worked with Fox, that she talked with him on the night of June 15, 2011, and that he was acting normally. Sarah Kirschmann, the hostess and cocktail server at Outback, testified Fox was acting like himself and was not slurring his speech that night.

{¶3} After Fox and Cobb arrived at Applebee's, Fox got a double crown royal and coke at 11:22 p.m. Fox and Cobb sat at the bar portion of the restaurant and Cobb remembered there being a few other people at the bar that night. Fox and Cobb ordered an appetizer at 11:40 p.m. to share and Fox simultaneously ordered a second

double crown royal and coke. Each of the drinks Fox consumed contained two ounces of eighty (80) proof alcohol. Cobb testified she is an experienced server and knows the signs and symptoms of intoxication. Cobb stated she did not observe any signs or symptoms of intoxication in Fox at Applebee's. She specifically stated his eyes looked normal and he was acting in accordance with his normal, outgoing personality. Cobb asked Fox to drive her from Applebee's to her car she left at Outback and texted him after she got home safely. Fox told Cobb he was going to drive to Columbus. Cobb advised him against the trip to Columbus and left in her car.

{¶4} Regina Stitzlein ("Stitzlein") is the bartender at Applebee's who served Cobb and Fox on June 15, 2011. Stitzlein has worked at Applebee's since 2002 and as a bartender at Applebee's since 2005. As a bartender at the restaurant, Stitzlein gets out drinks to the bar patrons and the servers and maintains the carside pickup duties at the restaurant. By the time appellee was notified of the claim against Applebee's approximately ten months after the accident, Stitzlein did not have any particular recollection of the evening in question or Fox and Cobb. Stitzlein confirmed she had been trained to avoid serving intoxicated guests and had worked at Applebee's since 2002. Stitzlein stated it is restaurant policy to notify a manger after a customer orders three (3) drinks. Stitzlein does not remember anyone behaving unusually on the night of June 15, 2011 and did not notify a manager because Fox did not order more than three (3) drinks while at Applebee's. Stitzlein does not remember serving Fox that night and does not remember that there were any intoxicated customers on that night.

{¶5} On June 16, 2011, Fox drove westbound on divided highway State Route 30 between 12:23 a.m. and 12:33 a.m. Fox crossed the median strip and ran head-on

into a car driven by decedent Kim Tunnicliff, causing fatal injuries to Tunnicliff. At 1:57 a.m., a Highway Patrol blood draw showed Fox's blood alcohol concentration ("BAC") to be 0.179g/DL.

{¶6} On January 11, 2012, appellant Jim Lanham, the Administrator of the Estate of Kim Hunter Tunnicliff, deceased, filed a wrongful death complaint against Stephen Fox for the negligent operation of a motor vehicle while under the influence of alcohol, Mary Fox, Stephen's stepmother, for negligent entrustment, and Outback Steak House of Florida, LLC for dram shop liability for serving Fox alcohol knowing he was intoxicated. Appellant filed an amended complaint on April 6, 2012, adding Applebee's Services, Inc. and Apple Ohio, LLC as defendants. The amended complaint asserted Applebee's Services, Inc. and Apple Ohio, LLC were also liable under the dram shop laws because the staff served Fox alcohol knowing he was intoxicated. On May 31, 2012, the parties filed a stipulated substitution, substituting appellee Apple American Group, LLC for Applebee's Services, Inc. and Apple Ohio, LLC. The claims against Mary Fox were settled and dismissed on May 30, 2013.

{¶7} Appellee filed a motion for summary judgment on July 3, 2013. In the response to appellee's motion for summary judgment, appellant attached two affidavits of Dr. Alfred Staubus ("Staubus"), a toxicologist. The first affidavit authenticated his report which found, at the time he was served drinks at Applebee's, Fox would have been within the excitement stage (0.09 to 0.25 g/DL) of alcoholic influence. According to Staubus, a person in the excitement stage of alcoholic influence would be expected to exhibit some emotional instability, loss of critical judgment, impairment of memory and comprehension, increased reaction times, and some muscular incoordination.

Staubus concludes, "these should have been observable signs of alcohol intoxication during Ms. Cobb's interactions with Mr. Fox while at Applebee's and to the Applebee's bartender." In his second affidavit, Staubus assumed when Fox arrived at Applebee's, his blood-alcohol concentration was no greater than 0.079 g/DL. Staubus again concluded that when Fox was served drinks at Applebee's, his blood-alcohol concentration would have been within the excitement stage and "these should have been observable signs of alcohol intoxication during Ms. Cobb's interactions with Mr. Fox while at Applebee's and to the Applebee's bartender."

{¶8} The trial court granted appellee's motion for summary judgment on August 20, 2013. The trial court found to submit the dram shop cause of action to the jury based on Dr. Staubus' opinions would invite speculation. Both appellee and Outback dismissed their counterclaims on September 6, 2013. Appellant dismissed the claims against Outback on September 12, 2013 and dismissed the claims against Fox on October 3, 2013.

{¶9} Appellant appeals the August 20, 2013 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN HOLDING THAT APPELLANT FAILED TO PRESENT AN ISSUE OF FACT SUFFICIENT TO ENABLE A JURY TO INFER THAT AN EMPLOYEE OF THE APPELLEE KNOWINGLY SOLD INTOXICATING BEVERAGES TO STEPHEN FOX WHILE HE WAS NOTICEABLY INTOXICATED."

I.

*Summary Judgment*

{¶11} Civ.R. 56 states, in pertinent part:

"Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶12} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

{¶13} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

{¶14} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

{¶15} The facts relied upon in a motion for summary judgment must be presented by the type of evidence listed in Civil Rule 56(C), which includes "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E).

*Trial Court's Granting of Summary Judgment pursuant to Ohio's Dram Shop Act*

{¶16} R.C. 4301.22(B) provides that, "no permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person."  Further, pursuant to Ohio's Dram Shop Act in R.C. 4399.18,

> a person has a cause of action against a permit holder or an employee of a permit holder for personal injury, death, or property damage caused by the negligent actions of an intoxicated person occurring off the premises or away from a parking lot under the permit holder's control only when both of the following can be shown by a preponderance of the evidence:
>
> > (A) the permit holder or an employee of the permit holder knowingly sold an intoxicating beverage to * * *
> >
> > > (1) a noticeably intoxicated person in violation of division (B) of section 4301.22 of the Revised Code * * * [and]
> >
> > (B) the person's intoxication proximately caused the personal injury, death, or property damage.

R.C. 4399.18.

{¶17} In *Gressman v. McClain*, the Ohio Supreme Court held that "to recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee knowingly sold an intoxicating beverage to a noticeably intoxicated person whose intoxication proximately caused the damages sought."  40 Ohio St.3d 359, syllabus, 533 N.E.2d 732 (1988).  In *Gressman*, the

appellant argued a permit holder should be liable if he knew or should have known that a patron was intoxicated when intoxicating beverages were sold to him. *Id.* at 362-363. The Ohio Supreme Court declined to "accept appellant's invitation to announce a different standard" and instead held that "actual knowledge of intoxication is a necessary component in fashioning a justiciable claim for relief under R.C. 4301.22(B). Constructive knowledge will not suffice. It has been observed that to hold otherwise would subject vendors of intoxicating beverages to ruinous liability every time they serve an alcoholic beverage." *Id.* at 363. The court also stated that knowledge of a patron's intoxication "may be obtained from many sources and in many ways, and is furnished or obtained by a variety of facts and circumstances." *Id.* A person has knowledge of an existing condition "when his relation to it, his association with it, his control over it, or his direction of it are such as to give him actual personal information concerning it." *Id.*

**{¶18}** The Ohio Supreme Court again confirmed the "actual knowledge" standard found in *Gressman* and rejected the lesser standard of "constructive knowledge" in *Lesnau v. Andate Enterprises, Inc.*, 93 Ohio St.3d 467, 756 N.E.2d 97 (2001). The court reasoned that a commercial proprietor, in the business of selling intoxicating beverages, is in a position to know and recognize when its customers are intoxicated. *Id.* However, because the state of intoxication is a subjective determination, the court required actual knowledge of a patron's intoxication in order to impose liability on the commercial proprietor. *Id.* Actual knowledge of intoxication can be inferred from either direct or circumstantial evidence. *Sullivan v. Heritage Lounge,* 10th Dist. Franklin No. 04AP-1261, 2005-Ohio-4675.

**{¶19}** In order to have a cause of action against appellee, appellant must show evidence from which a reasonable trier of fact could conclude appellee knowingly sold an intoxicating beverage to Fox when he was noticeably intoxicated. Though appellant encourages this Court to adopt the standard that if the evidence establishes a patron "probably" exhibited observable signs of intoxication that the bartender observed when serving, we find that, pursuant to *Gressman* and *Lesnau,* appellant must show actual notice of intoxication and constructive notice of intoxication will not suffice. In its summary judgment motion, appellee informed the court of the basis for summary judgment and identified the depositions of Cobb, Henderson, Baich, Kirschmann, Stitzlein, and an affidavit of toxicologist Dr. Forney as demonstrating that appellee did not knowingly serve a noticeably intoxicated person. The summary judgment burden pursuant to Civil Rule 56(E) thus shifted to appellant to set forth specific facts showing a genuine issue for trial. Appellant did not offer any evidence indicating any employee witnessed or had any personal information that Fox was noticeably intoxicated. Instead, appellant challenges the credibility of the witnesses and relies on the Staubus affidavit as circumstantial evidence to demonstrate actual knowledge of intoxication.

**{¶20}** Appellant cites to *Morrison v. Fleck*, 120 Ohio App.3d 307, 697 N.E.2d 1064 (9th Dist. 1997), and *Hlusak v. Sullivan*, 8th Dist. Cuyahoga No. 74367, 2000 WL 868945 (June 29, 2000), for the proposition that an expert's affidavit can create a genuine issue of material fact even when lay witnesses deny that the patron who caused the injury appeared intoxicated. In *Morrison*, the Ninth District found a genuine issue of material fact based on the expert's affidavit which determined that based on the number of beers the patron consumed, an experienced bartender would know that the

patron was intoxicated enough for even a casual observer to have noticed it. 120 Ohio App.3d 307, 697 N.E.2d 1064 (9th Dist. 1997). The Eighth District in *Hlusak* found a genuine issue of material fact when a toxicologist stated the patron "would certainly exhibit noticeable signs of intoxication which would be apparent to someone in a position to observe him." 8th Dist. Cuyahoga No. 74367, 2000 WL 868945 (June 29, 2000).

{¶21} However, we do not find these cases persuasive in this case, as the affidavit in this case is factually unlike the ones in *Morrison* and *Hlusak* such that the facts and opinions therein do not correspond. Unlike the experts in *Morrison* and *Hlusak* who opined the patron "would certainly exhibit noticeable signs of intoxication which would be apparent to someone in a position to observe him" and "an experienced bartender would know that the patron was intoxicated enough for even a casual observer to have noticed it," the expert in this case opined "there should have been observable signs of alcohol intoxication during Cobb's interactions with Fox while at Applebee's and to the Applebee's bartender." The expert affidavit in this case does not establish that an experienced bartender or casual observer would have noticed Fox's intoxication because of his conduct and there is no testimony that Fox displayed any observable signs of intoxication at the time he was being served at Applebee's. "The mere fact that a person's blood-alcohol content was in excess of the legal limit when tested after the accident, does not lead one to conclude, without additional evidence, that an establishment knowingly served alcohol to a visibly intoxicated person in violation of R.C. 4399.18." *Caplinger v. Korrzan Restaurant Mgmt.*, 12th Dist. Butler No. CA2011-06-099, 2011-Ohio-6020. The affidavit in this case which opines Fox "would

be expected" to exhibit certain symptoms of intoxication or that there "should have been" observable signs of alcohol intoxication during Cobb's and Stitzlein's interactions with Fox at Applebee's raises only a suggestion of constructive knowledge (i.e. arguments of what someone should have known) and not a genuine issue of material fact regarding actual knowledge. There is no additional evidence of actual knowledge of intoxication in this case. Cobb testified that, as an experienced server, she knows the signs and symptoms of intoxication and she did not observe any of the signs and symptoms of intoxication when she and Fox were at Applebee's. Stitzlein confirmed she had been trained to avoid serving intoxicated guests and does not remember anyone behaving unusually on the night of June 15, 2011. Stitzlein did not notify a manager because Fox did not order more than three (3) drinks while at Applebee's.

{¶22} We instead find this case analogous to *Privett v. QSL-Milford,* 12th Dist. Clermont No. CA2013-04-025, 2013-Ohio-4129. In *Privett,* Dr. Staubus submitted an affidavit that the patron would likely exhibit signs of being within the excitement stage of alcoholic influence and listed the symptoms of the excitement stage. 12th Dist. Clermont No. CA2013-04-025, 2013-Ohio-4129. The court held that the calculations made by Staubus offer inferences that the patron was intoxicated at the time he was served at the restaurant, but the affidavit stating the patron "would likely exhibit symptoms" was not evidence of actual knowledge when there was no other evidence that any other witnesses saw the patron exhibit any of these symptoms at the time he was served. *Id.* Like the affidavit in *Privett*, the affidavit in this case posits there "should have been" observable signs of alcohol intoxication and Fox "would be expected" to exhibit the signs of the excitement stage of alcohol influence. The record in this case

also does not contain any evidence that Stitzlein or Cobb saw Fox exhibit any of these symptoms at the time he was served at Applebee's. Thus, the affidavit of Staubus does not establish a genuine issue of material fact as to whether appellee had actual knowledge that Fox was intoxicated yet served him anyway, but merely offers speculation that Fox exhibited signs of intoxication prior to being served drinks at Applebee's. "Such speculation is neither direct nor circumstantial evidence that the restaurant had actual knowledge of his intoxicated state." *Clark v. McCollum*, 6th Dist. Lucas No. L-92-158, 1993 WL 380115 (May 28, 1993); see also *Cox v. Powell*, 5th Dist. Richland No. CA-2705, 1990 WL 6400 (Jan. 16, 1990) (finding any actual knowledge of the patron's intoxication was not established, even through an expert report).

**{¶23}** After reviewing the record and construing all facts in a light most favorable to appellant, we find summary judgment was appropriate because there are no genuine issues of material fact to be litigated regarding whether appellee knowingly served a noticeably intoxicated Fox or had actual knowledge that Fox was intoxicated at the time he was served intoxicating beverages at Applebee's.

{¶24} Based on the foregoing, appellant's assignment of error is overruled.  The August 20, 2013 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur