**HOLLEY, a Minor, et al., Appellant;**

**Holley et al., Appellees,**

**v.**

**BEVERAGE KING CO., INC., et al., Appellees.**

[Cite as *Holley v. Beverage King Co.* (1989), 61 Ohio App.3d 113.]

Court of Appeals of Ohio,
Franklin County.

No. 88AP–870.

Decided March 7, 1989.

*Thomas M. Tyack & Associates Co., L.P.A., Thomas M. Tyack, Margaret L. Blackmore* and *Mark A. Serrott,* for appellant.

*Hamilton, Kramer, Myers & Cheek,* and *Brian J. Bradigan,* for appellee Beverage King Co., Inc.

BOWMAN, Judge.

On May 24, 1986, Terry Johnson, Leo Funk and Michael Mauk, each under nineteen years of age, pooled their money and went to the defendant, Beverage King Co., Inc., and purchased two cases of beer. On the date in question, the sale of beer was prohibited to persons under nineteen years of age pursuant to R.C. 4301.22.

Later, Terry Johnson picked up two more passengers, appellant, Stanley A. Holley II, and Jimmy Hageman, both of whom were also under nineteen years of age. The five occupants, with Terry Johnson driving the car, proceeded to drink the beer and drive around the east side of Columbus in rural Licking County. While driving on County Road 38, an inebriated Terry Johnson ran a stop sign and struck another vehicle. As a result of this accident, the car rolled over and burst into flames. Appellant was pulled from the car and suffered burns on his left leg, multiple facial injuries and a concussion.

On February 18, 1988, appellant filed a complaint against Beverage King, and other defendants, alleging that he was injured as a result of the car accident and that his injuries were caused by Terry Johnson's unlawful, negligent and reckless operation of the motor vehicle. He further alleged that Beverage King and other defendants, through its agents and/or employees, negligently, recklessly and unlawfully sold intoxicating beverages to Terry Johnson and that Beverage King should have known or knew that Terry Johnson was a minor. Beverage King, and other defendants, filed a motion for summary judgment which was granted. Appellant then filed a motion for reconsideration, or for relief from judgment, which was denied.

On September 13, 1988, an agreed entry was filed wherein appellant was granted judgment against the defendants, Beverly and Terry Johnson, in the sum of $100,000 compensatory damages. The case was then terminated as to all parties and claims.

Appellant now brings this appeal and asserts the following assignment of error:

"The trial court erred in granting the defendant's motion for summary judgment.

"A. The defendant was not entitled to judgment as a matter of law because the Supreme Court's decision in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112 [526 N.E.2d 798], establishes a cause of action on behalf of an injured party when the defendant negligently provides alcoholic beverages to a minor."

In his assignment of error, appellant asserts that the trial court erred in ruling that Beverage King did not owe a duty to appellant since reasonable minds could find the facts necessary to establish a duty on the part of Beverage King.

At the time of the accident, R.C. 4301.22(A) provided that no beer or intoxicating liquor shall be sold to any person under nineteen years of age.[1] Appellant asserts that because Terry Johnson and Leo Funk, both minors, were sold two cases of beer by Beverage King on the night in question, Beverage King's violation of R.C. 4301.22(A) constitutes negligence *per se.*

In *Taylor v. Webster* (1967), 12 Ohio St.2d 53, 41 O.O.2d 274, 231 N.E.2d 870, the court stated that where a legislative enactment imposes a specific duty for the protection of others, a person's failure to observe that duty constitutes negligence *per se.* In *Mason v. Roberts* (1973), 33 Ohio St.2d 29, 62 O.O.2d 346, 294 N.E.2d 884, the court held that statutory duties do not provide the exclusive remedy against a liquor permit holder to recover damages; however, the court also held that the sale of intoxicants has been determined to be the proximate cause of subsequent harm to a third party when such sale is contrary to statute. In *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, the court found that a social host who provided alcoholic beverages to a seventeen-year-old minor in violation of R.C. 4301.69[2] could be held liable to third parties injured as a result of the minor's negligence. The court found that the statute created a duty that the social host refrain from furnishing a minor with alcohol.

In *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732, decided after the trial court's decision in this case, the Ohio Supreme Court held, at paragraph one of the syllabus:

---

1. R.C. 4301.22 was later amended, effective July 31, 1987, to prohibit the sale of beer or intoxicating liquor to any person under twenty-one years of age.

2. R.C. 4301.69 prohibits selling or furnishing beer or intoxicating liquor to a person under twenty-one years of age.

"For causes of action arising before the effective date of R.C. 4399.18, July 21, 1986, the holder of a liquor permit under R.C. Chapter 4303 may be liable to third persons for injuries or death occurring off the premises of the permit holder where said injuries or death are caused by a person to whom a sale of intoxicating beverage has been made by the permit holder or his employee in violation of R.C. 4301.22(B)."[3]

The court further stated, at 362, 533 N.E.2d at 735, that:

" * * * There is no legal distinction between the violation of a duty not to furnish intoxicating beverages to a minor and the violation of a duty not to furnish intoxicating beverages to an intoxicated person. * * * The common goal in each instance is to protect the consumer of the beverage from his or her own conduct and to protect the public from such conduct. * * * "

Consequently, because the Supreme Court found that there is no legal distinction between violating a duty not to furnish intoxicating beverages to a minor and violating a duty not to furnish intoxicating beverages to an intoxicated person, the holding of *Gressman, supra,* is applicable herein. R.C. 4399.18 provides that a permit holder, or his employee, may be liable for civil damages if it can be shown by a preponderance of the evidence that the permit holder, or his employee, knowingly sold an intoxicating beverage to a minor, and if the person's intoxication proximately caused personal injury, death or property damage. Thus, this court finds that, pursuant to *Gressman, supra,* Beverage King may be liable to appellant for his injuries since the injuries were caused by a person to whom Beverage King sold beer in violation of R.C. 4301.22(A).

Beverage King asserts that if this court determines that it may be liable for appellant's injuries, our decision will be in conflict with *Collins v. Tulley* (June 25, 1986), Summit App. No. 12449, unreported, 1986 WL 7500; and *Frank v. Biles* (Oct. 31, 1988), Miami App. No. 88 CA 10, unreported, 1988 WL 120113.

In *Collins, supra,* Smith Dairy sold alcoholic beverages for off-premises consumption to Tulley, a minor. Tulley apparently drank the alcohol, drove a motor vehicle and had a car accident causing appellant's injuries. The court, in relying on *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 11 OBR 421, 464 N.E.2d 521, held that it could not find or create a cause of action against a seller of alcoholic beverages for off-premises consumption in a situation where a passenger was injured due to the negligence of a minor driver contributed to by the consumption of alcoholic beverages illegally bought from the seller. The court further stated that

---

3. R.C. 4301.22(B) provides that no sale of beer or intoxicating liquor shall be made to an intoxicated person.

although Smith Dairy may have violated R.C. 4301.69 when it sold the alcohol to Tulley, it was not within the court's province to create a cause of action when the alcohol was not consumed on Smith Dairy's premises and the injury was not sustained on Smith Dairy's premises.

In *Frank, supra,* the plaintiff alleged that either Ulbrich's Inc., or Cain Carry Out furnished beer to Mike Killian, a minor, who then furnished beer to Bell, also a minor, and that Bell negligently entrusted his motorcycle to Biles who got into an accident with the plaintiff. The court also relied on *Settlemyer, supra,* and determined that the provider of alcoholic beverages by a non-commercial social host has no duty to the public at large. The court found this to be especially true when the illegal sale of the alcohol was much further removed as a cause for the injuries. The court also stated that any amendment to the state law in regard to the furnishing or selling of alcohol to minors was more appropriately within the province of the legislature.

This court finds that the decision we reach today is not in conflict with either *Collins, supra,* or *Frank, supra.* Both *Collins* and *Frank* specifically relied on *Settlemyer, supra,* which the Ohio Supreme Court determined to be limited to its facts. See *Gressman, supra,* 40 Ohio St.3d at 361, 533 N.E.2d at 734–735. Further, the fact that the alcoholic beverage in *Collins, Frank* and the instant case were purchased for off-the-premises consumption does not negate the fact that the statutes prohibiting the sale of alcohol to minors were enacted to protect the consumer of the beverage, as well as the public, from his or her own conduct. See *Gressman, supra.*

Accordingly, this court finds that the trial court erred in granting the motion of Beverage King, and other defendants, for summary judgment since there are issues of fact in controversy. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46; and *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615. Appellant's assignment of error is sustained, and the judgment of the trial court is reversed and this cause is remanded.

*Judgment reversed*
*and cause remanded.*

YOUNG and BRYANT, JJ., concur.