**TILLETT, Appellant,**

v.

**TROPICANA LOUNGE & RESTAURANT, INC., Appellee.**

[Cite as *Tillett v. Tropicana Lounge & Restaurant, Inc.* (1991), 81 Ohio App.3d 46.]

Court of Appeals of Ohio,
Lorain County.

No. 91CA005007.

Decided July 3, 1991.

*Richard R. Endress,* for appellant.

*Timothy H. Dempsey,* for appellee.

---

REECE, Judge.

Plaintiff-appellant, Ninette Tillett, appeals a decision of the Lorain County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Tropicana Lounge and Restaurant, Inc.

Tillett accompanied her live-in boyfriend, Matthew Malachowski, to the Tropicana Lounge on the evening of December 9, 1989. The two were separated for most of the night. At closing time, they both left in Malachowski's pick-up truck. On the ride home he lost control of the vehicle and crashed into a tree, severely injuring Tillett. According to the police report, Malachowski was cited for driving while intoxicated, failure to control and improper passing.

Tillett filed a complaint on May 3, 1990 against the Tropicana Lounge, alleging that Malachowski was served alcohol after he was "totally intoxicated," rendering him unfit to safely drive the pick-up truck. A motion for summary judgment was eventually submitted, which Tillett opposed. The common pleas court granted the motion and this appeal follows.

### Assignments of Error

"I. The trial court erred in finding as a matter of law that the defendant failed to know that Plaintiff's driver was intoxicated despite the fact that the testimony of the defendant and the plaintiff's driver indicated that defendant served to plaintiff's driver one beer every twenty minutes for five hours.

"II. The trial court failed to recognize that defendant who served fifteen beers to the plaintiff's driver in approximately five hours could be found by the triers of fact to have notice of the fact that Plaintiff's driver was in fact intoxicated.

"III. Giving the plaintiff the benefit of the evidence and reasonable inferences therefrom, the trial court erred in finding as a matter of law that the defendant had no notice of the plaintiff's driver's intoxication in the face of testimony indicating that defendant served plaintiff's driver fifteen beers in approximately five hours or one beer every twenty minutes for five hours.

"IV. The trial court erred in finding as a matter of law issues of controverted facts necessitating a jury decision upon such controverted facts."

These four assignments of error are directed to the same issue and will be examined collectively.

Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

The Ohio Supreme Court has recognized that "[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial." *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

■■■■ The primary statute cited by Tillett, R.C. 4301.22(B), prohibits tavern owners from selling alcohol to an intoxicated individual. A civil cause of action may be sustained against a liquor permit holder or his employee when (1) a noticeably intoxicated person, (2) is knowingly served alcohol, and (3) negligently injures another, (4) away from the premises, (5) as the proximate result of his or her intoxication. R.C. 4399.18; Accord *Holley v. Beverage King Co.* (1989), 61 Ohio App.3d 113, 116, 572 N.E.2d 189, 191. Prior to the adoption of this statute in 1986, actual—not constructive—knowledge of intoxication was required. *Settlemyer v. Wilmington Veterans Post No. 49* (1984), 11 Ohio St.3d 123, 126, 11 OBR 421, 423, 464 N.E.2d 521, 523. This standard is now codified in R.C. 4399.18. *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 363, 533 N.E.2d 732, 736.

■■■■ We concur with the common pleas court that Tillett has not demonstrated a genuine dispute over whether Malachowski was noticeably intoxicated. All parties agree that he had never been to this bar before the night in question. Tillett, who had known Malachowski for years, lived with him, and previously observed him in a drunken state, testified in her deposition that she did not believe he was inebriated and felt he would have no trouble driving home from the premises. Neither the lounge's manager nor bartender recalled, under oath, any event which suggested anything to the contrary.

Quite simply, no evidence was presented whatsoever suggesting Malachowski actually appeared intoxicated that evening.

Tillett makes much of Malachowski's claim that he drank fifteen cans of beer in five hours that night. A jury could therefore infer, she insists, that he was noticeably intoxicated. This contention, even if true, raises only a question of constructive knowledge and is rebuffed by the uncontested accounts of his actual appearance of sobriety. See *Cox v. Powell* (Jan. 16, 1990), Richland App. No. CA–2705, unreported, 1990 WL 6400. Moreover, Malachowski conceded that he was served over the course of the evening by two different individuals so that no single employee necessarily knew precisely the number of beverages he had ordered. One bartender testified that he would not have served anyone fifteen beers in one night.

We therefore conclude, as did the trial court, that even when examining the evidence in a light most favorable to Tillett, reasonable minds could not find that Malachowski was noticeably intoxicated when he left the lounge. There is no indication that the bar's agents or employees had actual knowledge of his condition. Summary judgment was therefore appropriate.

The four assignments of error are overruled and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and COOK, J., concur.