**LAPE, Appellant, et al.,**

v.

**ROSE et al., Appellees.**

[Cite as *Lape v. Rose* (1993), 86 Ohio App.3d 574.]

Court of Appeals of Ohio,
Butler County.

No. CA92–09–172.

Decided March 1, 1993.

*Holbrock, Jonson, Evans & Olivas* and *Timothy R. Evans,* for appellant.

*Carl Morgenstern Co., L.P.A.,* and *Roger S. Gates,* for appellees Wayne V. and Cheri Rose, d.b.a. Lakota Drive Thru.

---

JONES, Presiding Judge.

Plaintiff-appellant, Tiffany Lape, appeals a summary judgment granted to defendants-appellees, Wayne V. Rose and Cheri Rose, d.b.a. Lakota Drive Thru, in appellant's personal injury action.

On September 23, 1989, appellant, age nineteen, drove an automobile owned by her father to a party at a Butler County apartment complex where she consumed beer supplied by other guests. Upon leaving shortly after midnight, appellant, who had had too much to drink, allowed seventeen-year-old James Harding, a casual friend who had also been drinking at the party, to drive her automobile. En route to another location, Harding stopped at Lakota Drive Thru where he purchased a twelve-pack of beer and continued to drink while operating appellant's vehicle. After a few more stops, Harding ran off the road and struck a pole causing serious injuries to appellant.

Appellant subsequently filed a personal injury action against appellees based upon their negligence in selling alcohol to a minor. The trial court granted summary judgment to appellees upon determining that "it would be against public policy to allow an adult passenger who knowingly exposes herself to the danger of riding with a drunk driver to seek damages from a permit holder who sold liquor to the driver, even if selling the liquor violated Ohio law." As her sole assignment of error, appellant claims the trial court erred in granting summary judgment to appellees.

In support of her position, appellant relies on *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, wherein the Supreme Court held that a social host who provided alcoholic beverages to a minor could be held liable to third persons as a result of the intoxicated minor's negligence. Appellees urge an adoption of the trial court's position, citing *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 551 N.E.2d 1296, as the controlling authority in the case at bar.

In *Smith,* the plaintiff was a bar patron who, after being sold and served intoxicating beverages by the defendant permit holder's employees, left the defendant's establishment and was involved in an accident in which he suffered extensive property damage and personal injuries. The Supreme Court held that under these circumstances, an intoxicated patron has no cause of action against a liquor permit holder where any injuries or damages were proximately caused by the patron's own intoxication.

Although it is not cited by either party, we believe the case at bar is more closely analogous to *Holley v. Beverage King Co.* (1989), 61 Ohio App.3d 113, 572 N.E.2d 189. In *Holley,* the plaintiff was a passenger in an automobile operated by a minor who purchased intoxicating beverages from the defendant. The plaintiff was injured in a subsequent accident and filed suit against the defendant, alleging negligence in the sale of intoxicants to a minor.

The Franklin County Court of Appeals, citing *Gressman v. McClain* (1988), 40 Ohio St.3d 359, 533 N.E.2d 732, held that there was no legal distinction between violation of a duty not to furnish intoxicating beverages to a minor and violation of a duty not to furnish intoxicating beverages to an intoxicated person. The court noted that R.C. 4399.18 provides that a permit holder, or his employee, may be liable for civil damages if it can be shown by a preponderance of the evidence that the permit holder or his employee knowingly sold an intoxicating beverage to a minor, and if the minor's intoxication proximately caused personal injury, death or property damage. The court of appeals concluded that the defendant "may be liable to [plaintiff] for his injuries since the injuries were caused by a person to whom [defendant] sold beer in violation of R.C. 4301.22(A)." *Holley, supra,* 61 Ohio App.3d at 116, 572 N.E.2d at 191.

Based upon the holding in *Holley,* it is readily apparent that appellees may have negligently sold beer to Harding and could be liable at least in part for the injuries sustained by appellant. The only difference between *Holley* and the case at bar is that appellant was a passenger in her own vehicle and permitted Harding to drive because she herself was too intoxicated. Further, appellant may have been too intoxicated to recognize that Harding was similarly incapacitated. Thus, there is a genuine issue of fact as to whether appellant was negligent in entrusting the automobile to Harding, and whether such negligence, on a comparative basis, was greater than appellees' negligence. Appellant's intoxicated condition should not automatically disqualify her as one to whom a duty is owed and who is to be protected from injuries and damages caused by the sale of intoxicating beverages to a minor. See *Gressman, supra.*

Accordingly, we find that the trial court erred in granting summary judgment to appellees since there are issues of fact in controversy. See *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Appellant's assignment of error is hereby sustained.

*Judgment reversed*
*and cause remanded.*

KOEHLER and WALSH, JJ., concur.