Appellant, Sandra A. Hlusak, executrix of the estate of Mark E. Hlusak, is appealing the trial court's grant of summary judgment in favor of appellees Sheridan Morgan; Sheridan Morgan, Inc.; Babka's, Inc.[1] For the following reasons, we affirm in part and reverse in part.
Mark E. Hlusak was on the berm of the road, outside his car. He was struck and killed by a drunk driver, James K. Sullivan.
Sullivan deposed that he is an alcoholic. He weighs 155 pounds. Sullivan arrived at the Sheridan Bar on April 21, 1995 at 5:00 p.m. He was sitting at the bar with John Palik. Sullivan drank three lite beers and two single or double shots of Jack Daniel's. At 6:30 p.m., he and Palik left and went to Babka's. At Babka's, Sullivan was seated at the bar and had two beers. Then, Palik dropped Sullivan off at Sheridan's. Sullivan got into his car. He blacked out and could not remember anything from that point on.
Diane Morgan, the bartender at Sheridan's, deposed that Mr. Sheridan trained her to look for signs of intoxication and not be afraid to cut someone off. She did not notice anything unusual about Sullivan's behavior. Palik and Sullivan left after one hour.
Sheridan Morgan III, who also worked at Sheridan's, deposed that he observed Sullivan at the bar and at the pool table. Sullivan did not appear intoxicated.
John Palik testified that he was drinking with Sullivan at Sheridan's and Babka's. Palik does not remember Sullivan exhibiting any signs of intoxication. They left Sheridan's at 7:00 or 7:30 p.m. The two men stayed at Babka's for about twenty minutes. When they left Babka's, Palik observed Sullivan walk to his car. Sullivan did not appear intoxicated.
Steve Beck, the bartender at Babka's, deposed that he did not receive any specific training on how to spot someone who has had too much to drink. Beck had 15 years experience working as a bartender. Sullivan and Palik were at the bar for about an hour. Sullivan did not exhibit any behavior that would make Beck cut him off.
Charles Pelsue averred that he observed the accident at 8:30 p.m. The driver of a dark colored automobile was swerving and appeared to be under the influence. The dark colored automobile hit a white automobile that was parked on the berm of the road. Eyewitness Betsey LoPresti signed a similar affidavit.
Robert B. Forney, Jr., Ph.D., a forensic toxicologist averred that at 6:30 p.m., Sullivan's blood alcohol level would be .10 and at 7:00 p.m., his blood alcohol level would have equaled or exceeded .13. His conclusions were based upon the facts that Sullivan weighed 150 pounds and consumed three beers and two double shots from 5:00 to 6:30 p.m., and two more beers from 6:30 to 7:00 p.m., and that witnesses saw Sullivan driving erratically at 8:30 p.m. Forney averred that a person with that blood alcohol level would certainly exhibit noticeable signs of intoxication which would be apparent to someone in a position to observe him.
Deborah DeMarco averred that she worked as a bar waitress for Sheridan in January and February 1998. She was told that when a patron is obviously intoxicated, do not stop serving him or her.
 I.
Appellant's first assignment of error states:
 DRAMSHOP LIABILITY. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF BABKA'S, INC. AND SHERIDAN MORGAN, INC. SINCE GENUINE ISSUES OF ACT EXISTED ON WHETHER THOSE BARS KNOWINGLY SERVED ALCOHOL TO SULLIVAN WHILE HE WAS IN AN OBVIOUSLY INTOXICATED CONDITION THE NIGHT HE KILLED 21 YEAR OLD MARK HLUSAK.
Summary judgment is appropriate upon the demonstration that: (1) there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. See Civ.R. 56(C), Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. Summary judgment is proper after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265.
In order to have a cause of action against appellees Sheridan, Inc. and Babka's, Inc., appellant must show some evidence from which a reasonable trier of fact could conclude that appellees knowingly sold an intoxicating beverage to Sullivan, when he was noticeably intoxicated. R.C. 4399.18, Gressman v. McClain (1988)40 Ohio St.3d 359. Appellant must show actual knowledge of intoxication. Id. at 363. Constructive knowledge will not suffice. Id.
 Generally speaking, a person has knowledge of an existing condition when his relation to it, his association with it, his control over it, or his direction of it are such as to give him actual personal information concerning it.
Id. at 363.
Actual knowledge can be demonstrated by circumstantial evidence. Bickel v. Moyer (Sep. 29, 1994), Hancock App. No. 5-94-14, unreported. * * * A liquor permit holder, or its employee(s), may never make the admission that they continued to serve a person after that person exhibited signs of intoxication. Id. A reasonable trier of fact may find that the employees had actual knowledge of intoxication when the patron had fifteen beers before arriving at the bar and the employees had an opportunity to observe the patron. Harris v. Pallone Mgt., Inc. (1990), 70 Ohio App.3d 207
. Actual knowledge can also be shown via an expert report that states: (1) based on the patron's blood alcohol level, the patron would have had to consume 9-10 beers and based upon other evidence, he consumed all the beers within a two-and-one-half-hour period, (2) an experienced bartender would have known that amount of alcohol in that period of time, served to someone with that patron's body type, would have resulted in his intoxication, and (3) the patron's intoxication would have been noticeable even to a casual observer. Morrison v. Fleck (1997), 120 Ohio App.3d 307. However, evidence of the amount of alcohol consumed alone cannot withstand a motion for summary judgment, if the alcohol is served by different bartenders. Tillett v. Tropicana Lounge Restaurant, Inc.(1991), 81 Ohio App.3d 46; see also Cattabiani v. Purvis (Nov. 15, 1996), Montgomery App. No. 15851, unreported. It must be shown that the patron appeared intoxicated at the time the liquor was served, not just afterwards when the tort was committed. Cattabiani, supra; Stillwell v. Johnson (1991), 76 Ohio App.3d 684,689; Cummins v. Rubio (1993), 87 Ohio App.3d 516.
Dr. Forney averred that at 6:30 p.m., Sullivan's blood alcohol would be .10 and he would be exhibiting visual signs of intoxication. Sullivan deposed that at 6:30 p.m., he left Sheridan's. While there was testimony that Sullivan may have been at Sheridan's as late as 7:30 or 8:00 p.m., the expert based his calculations on the facts that seven drinks were consumed from 5:00 p.m. to 6:30 p.m. The expert's affidavit does not establish that before the last drink was served at Sheridan's, appellant would have appeared visibly intoxicated.
The expert's affidavit is some evidence that Sullivan displayed visible signs of intoxication while he was at Babka's. See Harris, Morrison, supra. Appellees assert that all of the witnesses, including Sullivan and Palik, deposed that Sullivan did not appear intoxicated. As discussed above, the witnesses may not be truthful. The credibility of witnesses is for trier of fact.
Appellees also assert that Dr. Forney's report does not indicate whether an individual who is an alcoholic would demonstrate the same visible signs at .10 and .13 blood alcohol level. In another case, Dr. Robert Forney testified that a person's past drinking history impacts the rate of alcohol absorption. See Clark v. McCollum (May 28, 1993), Lucas App. No. L-92-158, unreported. In this case, no expert testimony established that an alcoholic would have a lower blood alcohol or would not exhibit signs of intoxication as quickly as the average person. Expert testimony was required to demonstrate that a person who had been a heavy drinker as long as Sullivan would not have exhibited visible signs of intoxication. The burden was on appellees to present this expert testimony.
Appellees also argue that Dr. Forney's affidavit presents an improper inference based upon an inference. From Sullivan's alcohol consumption, Forney infers blood alcohol level. From the blood alcohol level, Forney infers that appellant would be noticeably intoxicated. From that inference, the trier of fact must infer the appellees knew Sullivan was intoxicated.
An inference based solely on another inference is improper. Hurt v. Charles J. Rogers Transp. Co. (1955), 164 Ohio St. 329, Motorist Mut. Ins. Co. v. Hamilton Twp. Trustees (1986), 28 Ohio St.3d 13
. An inference based on another inference and additional facts is not improper. Id. Forney inferred that Sullivan would be showing visible signs of intoxication based on the blood alcohol level and Forney's knowledge and expertise as a toxicologist. The inference was not based solely on an inference. A trier of fact can infer the bartender knew Sullivan was intoxicated from Forney's affidavits and the additional facts that the bartender was in a position to observe Sullivan. This inference was not based solely on an inference either.
We conclude that appellant did not present sufficient evidence from which a reasonable trier of fact could find that Sheridan, Inc. knowingly served Sullivan while he was visibly intoxicated. There was some evidence from which a reasonable trier of fact could conclude that Babka's knowingly served Sullivan while he was visibly intoxicated.
Accordingly, this assignment of error is overruled as to Sheridan, Inc. and Sheridan and sustained as to Babka's, Inc.
 II.
Appellant's second assignment of error states:
 PIERCING THE CORPORATE VEIL. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR SHERIDAN MORGAN PERSONALLY.
 SINCE GENUINE ISSUES OF MATERIAL FACT EXISTED ON HIS PERSONAL LIABILITY UNDER THE DOCTRINE OF PIERCING THE CORPORATE VEIL.
Given our disposition of appellant's first assignment of error, appellant's second assignment of error is moot.
Accordingly, this assignment of error is overruled as moot.
The decision of the trial court is reversed as to defendant-appellee Babka's, Inc. . The decision is affirmed as to defendant-appellees Sheridan Morgan, and Sheridan Morgan, Inc.
It is ordered that appellant and appellee Babka's, Inc. are to split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., CONCURS. O'DONNELL, J., CONCURS IN PART AND DISSENTS IN PART (SEE ATTACHED CONCURRING DISSENTING OPINION).
__________________________ ANN DYKE, ADMINISTRATIVE JUDGE
[1] Appellant settled and dismissed appellee State Farm Mutual Insurance Company from this appeal.