OPINION
{¶ 1} Appellant, Lluberes, Inc., dba Mia's Food Mart, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming a decision of appellee, Ohio Liquor Control Commission ("commission"), suspending appellant's liquor license for 30 days.
{¶ 2} The following facts are taken from a stipulated report prepared by an agent with the investigative unit of the Ohio Department of Public Safety. On August 14, 2001, Officers John Graves and Scott Lamb were on patrol in a cruiser in the vicinity of West 25th Street and Clark Avenue, Cleveland, Ohio, when they observed a male stagger into the street from appellant's premises, located at 3022 West 25th Street. The officers approached the individual, later identified as Daniel Hahner, and found him to be highly intoxicated. The man was holding a freshly opened 40-ounce bottle of beer, and he told the officers he had purchased the beer from appellant's food mart store. Hahner was arrested for disorderly conduct and placed in the police cruiser.
{¶ 3} The officers pulled the cruiser into the store parking lot and approached the front of the store, at which time Hahner identified a store employee, Justin Brown, as the clerk who sold him the beer. Officer Graves then entered the store while Officer Lamb stood outside with Hahner. Officer Graves asked Brown if he knew the man standing beside the cruiser, and Brown responded, "Yes, I just sold him a beer." When Officer Graves advised Brown that Hahner was intoxicated, Brown responded, "He's always drunk and so are most of the guys who come in here that I sell beer to." The officers confiscated the beer and Hahner was transported to the police station for a Breathalyzer test, which registered a .296 alcohol concentration level. Officer Graves subsequently issued a summons to Brown for the sale of beer to an intoxicated person, and Brown entered a plea of no contest in Cleveland Municipal Court.
{¶ 4} On February 19, 2002, a notice of hearing was mailed to appellant regarding an alleged violation of R.C. 4301.22(B), prohibiting the sale of beer or intoxicating liquor to an intoxicated person. A hearing was held before the commission on March 19, 2002. During the hearing, attorney Gary Jones indicated that appellant's regular counsel, Nate Malek, was unavailable, but that Malek had authorized him to appear on his behalf. Jones requested a continuance, but the commissioner denied the oral motion for continuance, noting that counsel for appellee was ready to proceed. Counsel for appellant denied the charge, but stipulated to the investigator's report. On April 9, 2002, the commission issued an order suspending appellant's liquor license for a period of 30 days.
{¶ 5} Appellant filed an appeal with the Franklin County Court of Common Pleas. By decision and entry filed on October 31, 2002, the trial court affirmed the order of the commission, finding that the order was supported by reliable, probative and substantial evidence, and was in accordance with law.
{¶ 6} On appeal, appellant sets forth the following two assignments of error for review:
A. The Common Pleas Court erred in [not] admitting additional evidence which would have shown there is a complete absence of proof establishing the elements of the offenses and proving any affirmative defenses.
B. In the alternative, should the record stand as it is, Liquor Control Commission of Ohio Order suspending Permit No. 5244935-0001 in Case no. 350-02 on charge of furnishing beer to an intoxicated person in violation of 4301.22(B) was not supported by reliable, probative, and substantial evidence; did not prove the elements of the offenses; was against the manifest weight of the evidence; was contrary to law; and should be reversed and vacated with costs being given to the Appellant.
{¶ 7} Under the first assignment of error, appellant argues the trial court erred in failing to admit additional evidence which, it is asserted, would have shown a lack of proof of any of the elements of an offense pursuant to R.C. 4301.22(B). Specifically, appellant argues that the court erred in failing to admit the following: (1) the affidavit of Justin Brown, which would have stated that he was unaware that Hahner was intoxicated at the time the beer was sold to him; (2) the affidavit of the owner of the permit premises, stating that the establishment's practice is not to sell alcohol to an intoxicated person; and, (3) a police incident report regarding Hahner's arrest.
{¶ 8} R.C. 119.12 states that, "[u]nless otherwise provided by law, the court may grant a request for the admission of additional evidence when satisfied that such additional evidence is newly discovered and could not with reasonable diligence have been ascertained prior to the hearing before the agency." This court has previously held that "[t]he decision to admit additional evidence lies within the discretion of the court of common pleas, but only after the court has determined that the evidence is newly discovered and that it could not with reasonable diligence have been ascertained prior to the agency hearing." Cincinnati City School Dist. v. State Bd. of Edn. (1996),113 Ohio App.3d 305, 317. Further, "[n]ewly discovered evidence is evidence that was in existence at the time of the administrative hearing." Id.
{¶ 9} In the instant case, the affidavits of Brown and the owner of the permit premises are not newly discovered evidence. Both affidavits, dated July 31, 2002, were not executed until after the administrative hearing, and appellant has not demonstrated why it was unable to obtain those affidavits prior to the hearing. As stated above, newly discovered evidence involves evidence in existence at the time of the hearing, and "[n]ewly discovered evidence does not refer to newly created evidence." Golden Christian Academy v. Zelman (2001),144 Ohio App.3d 513, 517. There is also no indication that appellant, with reasonable diligence, could not have obtained the police incident report prior to the commission hearing. As noted by the commission, appellant received notice of the March 19, 2002 hearing on February 18, 2002, and thus had more than one month to obtain necessary evidence. Accordingly, we find that the trial court did not abuse its discretion in failing to admit the additional evidence, and appellant's first assignment of error is overruled.
{¶ 10} Under the second assignment of error, appellant argues that the decision of the commission, suspending the permit license based upon a violation of R.C. 4301.22(B), was not supported by reliable, probative, and substantial evidence and was not in accordance with law.
{¶ 11} R.C. 119.12 states in pertinent part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
{¶ 12} In Dave's Drive Thru, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court discussed the applicable standards of review for a trial court and appellate court in reviewing an administrative appeal under R.C. 119.12, as follows:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 407 N.E.2d 1265.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214,500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339,587 N.E.2d 835.
{¶ 13} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined "reliable," "probative" and "substantial" as follows:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Footnotes omitted.)
{¶ 14} R.C. 4301.22(B) states that "[n]o permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person." The Ohio Supreme Court has held that actual knowledge of intoxication is a prerequisite under R.C.4301.22(B). Gressman v. McClain (1988), 40 Ohio St.3d 359, 363. The court in Gressman noted that "[k]nowledge of a patron's intoxication may be obtained from many sources and in many ways, and is furnished or obtained by a variety of facts and circumstances." Id. In general, "a person has knowledge of an existing condition when his relation to it, his association with it, his control over it, or his direction of it are such as to give him actual personal information concerning it." Id. Actual knowledge of intoxication can be inferred from either direct or circumstantial evidence. Glossip v. Liquor Control Comm. (July 24, 2001), Franklin App. No. 00AP-1074 (although there was no direct evidence that the barmaid or appellant had actual knowledge of the patron's intoxication, there was sufficient circumstantial evidence to support a finding that the barmaid or appellant had such knowledge); Bickel v. Moyer (Sept. 29, 1994), Hancock App. No. 5-94-14 ("circumstantial evidence may be presented to establish a liquor permit holders' actual knowledge of the intoxication of one of its patrons").
{¶ 15} In the present case, the investigator's report that was stipulated into evidence indicates that appellant's employee sold intoxicating liquor to a customer, and it may be reasonably inferred that the employee was in a position to observe the individual at issue. The customer then staggered out of the store with a freshly opened bottle of beer in his hand, and was observed by officers to be highly intoxicated. When confronted by the officer, the employee acknowledged making the sale and that he was familiar with the customer, stating, "he's always drunk." A Breathalyzer test, taken shortly after the sale, revealed that Hahner's blood alcohol content registered .296. Upon review, there was sufficient evidence presented to support a reasonable inference that the customer was noticeably intoxicated at the time of the sale, and that the employee who made the sale had actual knowledge of the customer's intoxication. Accordingly, the trial court did not abuse its discretion in finding that the order of the commission was supported by reliable, probative, and substantial evidence and was in accordance with law, and appellant's second assignment of error is overruled.
{¶ 16} Based upon the foregoing, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Lazarus and Watson, JJ., concur.