[Cite as *Glenmore Props v. Ohio Liquor Control Comm.*, 2023-Ohio-1212.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Glenmore Properties, LLC, | : | |
| Appellant-Appellee, | : | |
| | : | No. 22AP-428 |
| v. | : | (C.P.C. No. 21CV-7763) |
| Ohio Liquor Control Commission. | : | (REGULAR CALENDAR) |
| Appellee-Appellant. | : | |

D E C I S I O N

Rendered on April 13, 2023

**On brief:** *Lumpe, Raber & Evans* and *David A. Raber*, for appellee. **Argued:** *David A. Raber.*

**On brief:** *Dave Yost*, Attorney General, and *Christine L. Staab,* for appellant. **Argued:** *Christine L. Staab.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, P.J.

{¶ 1} In this matter filed pursuant to R.C. 119.12, appellant, the Ohio Liquor Control Commission ("OLCC"), appeals the June 16, 2022 judgment of the Franklin County Court of Common Pleas reversing the OLCC's December 13, 2021 order. That order found appellee, Glenmore Properties, LLC ("Glenmore"), to have violated its license to distribute liquor by selling and furnishing alcohol to an intoxicated person, contrary to R.C. 4301.22(B). The trial court concluded that the OLCC's order is "not supported by reliable, probative, and substantial evidence or in accordance with law." The OLCC now appeals and asserts two assignments of error with the trial court's judgment.

{¶ 2}   The OLCC issued the underlying liquor citation to Glenmore resulting from an investigation after an apparent drunk driving collision caused by one of Glenmore's patrons.  The trial court set forth these relevant and undisputed facts in its entry:

> Witnesses testified that on October 1, 2019, [Eve Thomas] went to the Appellant's premises, a bar known as After Werk, in Cincinnati, Ohio. After leaving the bar, Ms. Thomas drove a vehicle that hit and injured Noah Stepaniak. The evidence was as follows.
>
> Enforcement Agent Thomas Dalton testified regarding his investigation following the automobile accident. Agent Dalton testified that he went to Appellant's premises and obtained a video showing the events in the bar on October 1-2, 2019. Agent Dalton testified that he observed five hours of the video showing that Ms. Thomas was served eight whiskey and coke drinks from 9:31 p.m. to 2:18 a.m. Agent Dalton testified that the whiskey drinks were "four-second, five-second pours." Agent Dalton's only testimony about the behavior of Ms. Thomas was that she was dancing and "just having a good time." Agent Dalton's testimony was based on the video, which was not offered as evidence at the hearing.
>
> Ms. Thomas left the bar at 2:39 a.m. and was involved in the accident at 2:45 a.m. Ms. Thomas was taken to the hospital and an "alcohol pre-screen" showed a blood alcohol level of .238; a warrant was obtained, blood was drawn, and a lab test showed a blood alcohol level of .174. The lab test also showed that Ms. Thomas had marijuana in her system.
>
> Elizabeth Chaney, the sole bartender that evening, testified that at no time during the evening did Ms. Thomas appear intoxicated. Ms. Chaney stated that Ms. Thomas did not slur her speech, have glassy or bloodshot eyes, appear unsteady on her feet, or exhibit any other outward sign of noticeable intoxication. Ms. Chaney testified that she did not have any knowledge of whether Ms. Thomas smoked marijuana that night.
>
> On December 13, 2021, the Commission issued its Order finding Appellant in violation as to the allegations that it sold and furnished alcohol to an intoxicated person in violation of R.C. 4301.22(B).
>
> On December 15, 2021, Appellant filed this appeal from the Commission's order.

(Citations omitted.) (June 16, 2022 Decision & Jgmt. Entry at 1-2.)

**{¶ 3}** R.C. 4301.22(B) provides that "[n]o permit holder and no agent or employee of a permit holder shall sell or furnish beer or intoxicating liquor to an intoxicated person." And in *Gressman v. McClain*, 40 Ohio St.3d 359 (1988), the Supreme Court of Ohio held that "[t]o recover damages in a civil action based upon a violation of R.C. 4301.22(B), a plaintiff must prove that the permit holder or his employee *knowingly sold an intoxicating beverage to a noticeably intoxicated person* whose intoxication proximately caused the damages sought." (Emphasis added.) *Id*. at paragraph two of the syllabus

**{¶ 4}** Since *Gressman* was decided, this court has consistently held that "actual knowledge of intoxication is required to necessary prerequisite to showing a violation of R.C. 4301.22(B)." *Glossip v. Ohio Liquor Control Comm.*, 10th Dist. No. 00AP-1074, 2001 Ohio App. LEXIS 3295 (July 24, 2001) *9. *See also Llluberes, Inc., v. Ohio Liquor Control Comm.*, 10th Dist. No. 02AP-1326, 2003-Ohio-5943, ¶ 14-15, *Tauring Corp., v. Ohio Liquor Control Comm.*, 10th Dist. No. 14AP-622, 2015-Ohio-1967, ¶ 14-20, and *Hobnob, Inc., v. Ohio Liquor Control Comm.*, 10th Dist. No. 17AP-907, 2018-Ohio-3499, ¶ 13-17 (all cases citing *Gressman* and *Glossip*). In accordance with this court's decisions, the trial court held that

> the record does not contain reliable, probative, and substantial evidence to show that the permit holder had actual knowledge that Ms. Thomas was intoxicated when served drinks. The evidence is that Ms. Thomas was served eight whiskey and coke drinks over 4 hours and 47 minutes, and that her blood alcohol level was .174 some time after leaving the bar. However, there is no evidence that Ms. Thomas was visibly intoxicated when served drinks. Agent Dalton's only testimony as to Ms. Thomas's behavior or appearance other than the number of drinks she had was that she was dancing and having a good time. The video reviewed by Agent Dalton was not offered into evidence, and thus did not allow the Commission to observe the behavior or appearance of Ms. Thomas. The only other

witness, Ms. Chaney, testified that Ms. Thomas did not show any signs of intoxication.

(Decision & Jgmt. Entry at 4.) This appeal followed.

**{¶ 5}** A common pleas court may affirm the order of an agency on appeal if it finds that the order was supported by reliable, probative, and substantial evidence and in accordance with law. R.C. 119.12(M). "In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law." *Id.* "Reliable" evidence is dependable in that it can be confidently trusted and there is a reasonable probability that the evidence is true; "probative" evidence is evidence that tends to prove the issue in question and is relevant in determining that issue; "substantial" evidence is evidence with some weight, importance, and value. *See Our Place, Inc., v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). This court reviews the findings of the trial court for an abuse of discretion, *see, e.g., Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993) (citing cases), but with respect to questions of law, this court has plenary review. *E.g., Big Bob's, Inc., v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 501, 2003-Ohio-418, ¶ 15 (10th Dist.2003).

OLCC asserts two interrelated assignments of error, which we address together:

> [I.] The trial court erred in determining that there is an "actual knowledge" requirement in ORC § 4301.22(B). Under the plain language of that administrative liquor statute, a permit holder violates ORC § 4301.22(B) by overserving an intoxicated person, whether or not the permit holder has actual knowledge that the person is intoxicated.

> [II.] The trial court erred and abused its discretion when it held that the Liquor Control Commission's order was not supported by reliable, probative, and substantial evidence and was not in accordance with the law.

**{¶ 6}** First, the OLCC contends that the Supreme Court's decision in *Gressman* has been misinterpreted by the lower courts to require that the permitholder have actual knowledge of a person's intoxication when serving that person an intoxicating beverage to allow the OLCC to impose liability under R.C. 4301.22(B) (the so-called "dram shop" statute), when in reality *Gressman* did not so hold. Second, the OLCC asserts that there was sufficient evidence presented at the violation hearing to establish that the permitholder had or should have had knowledge that an intoxicated person was being served.

**{¶ 7}** The OLCC admits that following *Gressman*, "[t]here is no doubt that courts currently require a showing of "actual knowledge" is necessary [sic] in cases such as these." (Brief of Appellant at 10.) But the OLCC argues that this approach is incorrect—the OLCC reads *Gressman* to apply only to a derivative civil action resting on a citation issued pursuant to the statute, rather than the issuance of the citation itself. The OLCC argues that the plain language of the statute does not require the permitholder to have actual knowledge of a person's intoxication when serving that person an intoxicating beverage to establish a violation, and it contends—without specifically so stating—that the liquor control cases since 1988 have all applied the wrong standard. *Compare* R.C. 4301.22(B) *with Glossip* at *9; *Llluberes, Inc*, at ¶ 14-15; *Tauring Corp.*, at ¶ 14-20; and *Hobnob, Inc.*, at ¶ 13-17. *See also Smith v. Liquor Control Comm.*, 4th Dist. No. 98CA03, 1998 Ohio App. LEXIS 6331 (Dec. 10, 1998) *10-12 (applying *Gressman* standard to hold that citation was supported by evidence sufficient to show actual knowledge of intoxication). Notably, OLCC does not suggest an alternative mens rea standard it would have this court adopt. It also does not attempt to explain why—assuming that its understanding of the statute is correct—the legislature has not corrected the courts in the 35 years that have passed since *Gressman* was decided.

{¶ 8}   Instead of answering these obvious objections to its position, the OLCC simply argues that *Gressman* does not apply to administrative proceedings against a permitholder's liquor license.  The OLCC's sole support for this claim is a 2009 Franklin County Court of Common Pleas case that was not appealed and has never been cited by another court.  *See Frog Town USA, Inc., v. Ohio Liquor Control Comm.*, Franklin C.P., Case No. 08CVF12-17727, 2009 Ohio Misc. LEXIS 6022 (Aug. 7, 2009).  In *Frog Town USA*, the trial court contended that "the legislature has elected not to amend the statute to require a mens rea in administrative liquor cases despite case law requiring a demonstration of actual knowledge of intoxication on the part of a server of alcohol before recovery may be had on the basis of civil tort liability," but notwithstanding concluded that "it is not necessary in order to obtain a conviction (of selling to an intoxicated person) to prove that the accused knew that the person to whom he is charged with having sold intoxicants was intoxicated, where the means of such knowledge were available to the accused or the common good imposed a duty upon him to obtain it."  *Id* at *3.

{¶ 9}   The court's analysis in *Frog Town USA* is misguided. Specifically, the court seemingly believed that it was the legislature's responsibility "to amend the statute to require a mens rea" after *Gressman* was decided, even though *Gressman* specifically held that the statute already contained the mens rea requiring actual knowledge.  Both *Frog Town USA* and the OLCC's argument here rest on a pure fallacy: that the very same language in the statute—the phrase "intoxicated person"—can require actual knowledge of intoxication in a civil action without requiring such knowledge for liquor permit violations. *Compare Gressman* at paragraph two of the syllabus with *Frog Town USA* at *2.  We are not aware of any authority for the proposition that statutory language can ever operate in the fashion that *Frog Town USA* and the OLCC suggest.  It would be at best problematic

for this court to rule that two opposing interpretations of the very same language in the very same statutory subsection can coexist. Accordingly, we reject the OLCC's interpretation of R.C. 4301.22(B), abide by our prior holdings, and conclude that *Gressman* remains the controlling interpretation of the statute.

{¶ 10} We further conclude that the trial court correctly held that the evidence presented at the OLCC hearing was insufficient to meet the "actual knowledge" standard. In her testimony at the administrative hearing, bartender Elizabeth Chaney clearly and unequivocally stated that the patron Eve Thomas showed no signs of intoxication at any point on the night in question. (Nov. 18, 2021 Tr. [Before the Ohio Liquor Control Commission] at 26-29.) The only circumstantial evidence presented that Ms. Thomas was intoxicated was Liquor Enforcement Agent Thomas Dalton's opinion that she must have been intoxicated based on the fact that Ms. Thomas drank eight whiskey and cokes and was "dancing and rubbing people as she passed people, dancing" in the DVD security footage, *id.* at 18-20, taken together with the subsequent blood test showing a prohibited concentration of alcohol. But while that may be some evidence of impairment, it is not probative or substantial to establish that Ms. Chaney had actual knowledge that Ms. Thomas was intoxicated at the time she was sold and furnished intoxicating liquor.

{¶ 11} For the foregoing reasons, we overrule both of the OLCC's assignments of error. The trial court's judgment reversing the order of the OLCC is affirmed.

*Judgment affirmed.*

DORRIAN and BOGGS, JJ., concur.

_____